UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN V. CHILDS,

Plaintiff,                          Case No. 16-cv-14167

v.                          UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

GUARDIAN ALARM and NEMER GROUP
GULLERIA OFFICENTRE,            UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

Defendants.

_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO
DISMISS [6] AND DENYING PLAINTIFF'S MOTION [14] AS MOOT**

**I. INTRODUCTION**

On November 28, 2016, *pro se* Plaintiff Glenn Childs filed a complaint

against "Guardian Alarm" and "Nemer Group Gulleria Officentre"[1] (collectively,

"Defendants"), alleging violations of Title VII and various other state and common

law claims. Dkt. No. 1.

Presently before the Court is Defendants' Motion to Dismiss [6], pursuant to

Federal Rule of Civil Procedure 12(b)(5). Plaintiff filed a response, Dkt. No. 10,

---

[1] The Court has listed Defendants' names as they appear on the docket. In their motion to dismiss, Defendants provide the correct names for the entities Plaintiff is attempting to sue. Dkt. No. 6, p. 7 (Pg. ID 31). Defendants allege that "Plaintiff was employed by Guardian Guard Services, Inc.," and that "Nemer Property Group, Inc. is the correct entity and Galleria Properties, LLC owned the relevant property at issue," although the latter two never employed Plaintiff. *Id*. at n.1–2.

-1-

and Defendants filed a reply, Dkt. No. 11. Plaintiff filed a Motion seeking discovery on March 24, 2017. Dkt. No. 14. The Court held a hearing on March 27, 2017. The hearing was scheduled for 2:00 p.m. and commenced at 2:26 p.m. after waiting for Plaintiff to arrive. Plaintiff failed to attend the hearing.

For the reasons discussed below, both motions are **DENIED**.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(c)(1) requires service of both a copy of the complaint and the summons, and Rule 4(m) requires service within 90 days after the complaint is filed. Rule 4(h) governs service of a corporation, partnership, or association:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> > (1) in a judicial district of the United States:
> >
> > > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > >
> > > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

FED. R. CIV. P. 4(h).

Rule 4(m) states that "[i]f a defendant is not served within 90 days after the

complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). Where the plaintiff shows good cause for his or her failure to timely serve, the court is to extend the service time for an appropriate period. *Id.*

It is the plaintiff's burden to show that good cause exists. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991). While a defendant's intentional evasion of service of process provides good cause, a plaintiff's "inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause." *Id.* "Actual notice and lack of prejudice to the defendant are likewise insufficient to establish good cause." *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 324 (E.D. Mich. 2001) (*citing Moncrief v. Stone*, 961 F. 2d 595, 596–97 (6th Cir. 1992)).

### III. DISCUSSION

In their motion, Defendants request that the Court dismiss Plaintiff's complaint because Plaintiff "filed his lawsuit *pro se* against non-existent corporate entities and failed to follow the Court Rules to effectuate service of process." Dkt. No. 6, p. 2 (Pg. ID 26).

Rule 4(e)(1) provides that "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by . . .

following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

In the present case, this Court is located in the State of Michigan. Michigan state law provides that a domestic corporation that is doing business may be served by: (1) serving the summons and complaint on an officer or the resident agent; or (2) serving the summons and complaint on a director, trustee, or person in charge of an office or business establishment of the corporation, and sending the summons and complaint by registered mail, addressed to the principal office of the corporation. MICH. CT. R. 2.105(D). If the corporation has "failed to appoint and maintain a resident agent or to file a certificate of that appointment, as required by law," then the summons and complaint should be sent by registered mail to the corporation or to an appropriate corporation officer, and to the Corporate Division of the Michigan Bureau of Commercial Services. *Id.*

Defendants have attached to their motion a copy of the envelope used to mail a copy of the summons and complaint to Guardian and Nemer. Dkt. Nos. 6-4, 6-6. The envelopes show that they were sent via certified first-class mail to "Guardian Alarm D/B/A Guardian Guard Service" at 20800 Southfield Rd., Southfield, MI 48075 with "ATT: Jennifer J. Henderson," Dkt. No. 6-4, p. 2 (Pg. ID 44), and "Nemer Group" at 26877 Northwestern Hwy, Suite 101, Southfield,

MI 48033 with "ATT: Carolyn Spatafore," Dkt. No. 6-6, p. 2 (Pg. ID 49). In doing so, Plaintiff did not comply with Rule 4.[2] On the envelopes he mailed, Plaintiff did not name an officer or agent authorized to receive service of process, and he did not name a director, trustee, or person in charge of the office or business establishment. *See* Dkt. No. 6-5, p. 2 (Pg. ID 47); Dkt. No. 6-7, p. 2 (Pg. ID 52).

Additionally, it appears that he sent both envelopes via certified mail, rather than the personal service required by Michigan Court Rule 2.105(D). *See Bullington v. Corbell*, 293 Mich. App. 549, 557–58, 809 N.W.2d 657, 662 (2011) ("With regard to private corporations, the court rules require personal service on an officer, registered agent, director, trustee, or person in charge of an office or business establishment. If service is made by serving a summons and copy of the complaint on a director, trustee, or person in charge of an office or business establishment, the plaintiff must also send a summons and complaint 'by registered mail, addressed to the principal office of the corporation.' " (internal citations omitted)).

---

[2] While this is not Plaintiff's first time appearing *pro se* to sue a former employer for discrimination, it is the first time that he has done so without *in forma pauperis* status and without service by the U.S. Marshal Service. *See Childs v. Motor City Casino Hotel*, No. 09-13108, 2011 WL 1595056, at *5 (E.D. Mich. Apr. 27, 2011) (dismissing Plaintiff's ADEA, Title VII, and Equal Pay Act claims against his former employer with prejudice). Accordingly, it is understandable why he did not learn the proper means to effect service in his prior suits.

Federal Rule of Civil Procedure 4(l)(1) requires that proof of service be made to the court unless service is waived. FED. R. CIV. P. 4(l)(1). The server's affidavit constitutes proof of service, except where service was carried out by a U.S. Marshal or deputy marshal. *Id.* Here, there is nothing in the record that supports a claim that Defendants waived service. Plaintiff's affidavit that he sent the envelopes via certified mail does not constitute evidence of proper service upon Defendants. *See* Dkt. No. 5.

Instead of showing the Court that he had effectuated proper service on Defendants, Plaintiff claims that the individuals to whom he addressed the envelopes were officers or agents because they corresponded with the Michigan Department of Civil Rights after Plaintiff submitted a complaint. Dkt. No. 10, p. 4 (Pg. ID 60). He further cites to Federal Rule of Civil Procedure 5(b)(1–2) in support of his argument that it was acceptable to mail a letter to individuals who appeared as counsel for Defendants in an administrative charge. *Id.* This is an incorrect assessment of the Rule, as there is no evidence that Henderson or Spatafore signed on to represent Defendants *in the present case*.

Defendants reply that Plaintiff failed to address their arguments as to improper service of Defendant Nemer, and was further put on notice the Defendant Guardian was an improper party in the position statement submitted to the Michigan Department of Civil Rights. Dkt. No. 11, p. 2 (Pg. ID 71). The Court

finds that Defendants' motion and supporting exhibits make sufficiently clear their argument as to why Plaintiff failed to meet the procedural requirements for effectuating valid service of process.

This brings the Court to Rule 4(m), which provides that if a plaintiff fails to timely serve his or her complaint, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). Thus, even in the absence of "good cause," the Court retains discretion under Rule 4(m) to either dismiss the claims against Defendants without prejudice or order that service be made upon Defendants within a specified time.

While Plaintiff did not show "good cause" for failing to properly serve Defendants, and the Court is not required to extend the time for service, the Court may still utilize its discretion to grant Plaintiff additional time to complete proper service. In making that determination, the Court considers whether:

> (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process.

*Slenzka*, 204 F.R.D. at 326. In addition to these factors, the Court is guided by Federal Rule of Civil Procedure 1, which provides that it (and, after the recent amendments, the parties) should construe, administer, and employ the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.

Here, the Court finds that, overall, the above five factors, as well as Rule 1's considerations, mitigate in favor of granting Plaintiff a brief extension of time to properly serve Defendants. First, the Court notes that Plaintiff filed his complaint in November 2016, and Defendants filed their motion one month later. The time that has elapsed since then is not the fault of either party, and Plaintiff does not require a significant extension of time to properly serve Defendants. Next, the Court finds that Defendants would not be prejudiced by a short extension of time to effect service because they have had actual notice of Plaintiff's lawsuit since December 2016. Further, while it does not appear that dismissal would substantially prejudice Plaintiff and although Plaintiff should have taken greater care to properly serve Defendants, his conduct is not so egregious as to cause the Court not to exercise its discretion to afford him an opportunity to correct the deficiency.[3]

---

[3] Although Plaintiff is appearing in this action *pro se*, he is expressly warned that he must follow all applicable rules and procedures, and his failure to do so may result in the imposition of a sanction, up to and including dismissal of his

Balancing all considerations, the Court finds that the most efficient course is to permit Plaintiff a brief opportunity—thirty (30) days from the date of this order—to properly serve Defendants.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES WITHOUT PREJUDICE** Defendants' Motion to Dismiss [6].

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days from the date of this order to properly serve Defendants. Plaintiff shall:

(1) ensure that he has named the correct Defendants;

(2) identify the individual authorized to accept service on behalf of the correct Defendants;

(3) indicate on the Summons the name of the individual authorized to accept service;

(4) ensure the Summons is addressed to the correct Defendants;

(5) deliver the Summons and a copy of the Complaint to the individuals authorized to accept service; and

(6) file a certificate of service with the Court.

---

claims. *See Frame v. Superior Fireplace*, 74 F. App'x 601, 603 (6th Cir. 2003) ("While *pro se* litigants are afforded significant leeway, those who proceed without counsel must still comply with the procedural rules that govern civil cases." (internal citations omitted)). Nevertheless, for the reasons stated herein, the Court will exercise its discretion to permit Plaintiff an opportunity to effectuate proper service.

**IT IS FURTHER ORDERED** that should Plaintiff fail to comply with this order, this failure would be grounds for dismissing his claims against Defendants without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion [14] for discovery pursuant to Federal Rule of Civil Procedure 37 is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated:        March 28, 2017

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge